[ ] AMENDED

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

In re:                                                                                    Case No.

   VICTORIA LEE

**Debtor(s).**                                                                            Chapter 13

# CHAPTER 13 PLAN

**ADDRESS:** (1) 1881 W FLETCHER RUN CIRCLE            (2) _____
           Memphis, TN 38016                              _____

**PLAN PAYMENT:**

   **DEBTOR (1)** shall pay $ 335_____  ( ) weekly, ( ) every two weeks, ( ) semi-monthly, or (✓) monthly, by:

   ( ) **PAYROLL DEDUCTION** from: _____  **OR**  (✓) **DIRECT PAY**.

   **DEBTOR (2)** shall pay $ _____  ( ) weekly, ( ) every two weeks, ( ) semi-monthly, or ( ) monthly, by:

   ( ) **PAYROLL DEDUCTION** from: _____  **OR**  ( ) **DIRECT PAY**.

1. **THIS PLAN [Rule 3015.1 Notice]:**

   (A) CONTAINS A NON-STANDARD PROVISION. [See plan provision #19]           ( ) YES  (✓) NO

   (B) LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION OF THE       ( ) YES  (✓) NO
       COLLATERAL FOR THE CLAIM. [See plan provisions #7 and #8]

   (C) AVOIDS A SECURITY INTEREST OR LIEN. [See plan provision #12].          ( ) YES  (✓) NO

2. **ADMINISTRATIVE EXPENSES:** Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

3. **AUTO INSURANCE:** ( ) Included in Plan; **OR** ( ) Not included in Plan; Debtor(s) to provide proof of insurance at §341 meeting.

4. **DOMESTIC SUPPORT:** Paid by: (✓) Debtor(s) directly, ( ) Wage Assignment, **OR** ( ) Trustee to:    Monthly Plan Payment:

   _____; ongoing payment begins _____    $ _____
              Approximate arrearage: _____                  $ _____
   _____; ongoing payment begins _____    $ _____
              Approximate arrearage: _____                  $ _____

5. **PRIORITY CLAIMS:**
   _____   Amount: _____                   $ _____
   _____   Amount: _____                   $ _____

6. **HOME MORTGAGE CLAIMS:** ( ) Paid directly by Debtor(s); **OR** ( ) Paid by Trustee to:

   _____; ongoing payment begins _____    $ _____
              Approximate arrearage: _____  Interest _____%      $ _____
   _____; ongoing payment begins _____    $ _____
              Approximate arrearage: _____  Interest _____%      $ _____

7. **SECURED CLAIMS:**

   [Retain lien 11 U.S.C. §1325 (a)(5)]        Value of Collateral:     Rate of Interest:       Monthly Plan Payment:
                                                                            _____%          $ _____
   BRIDGECREST                                    6000                       5.25 %            $ 120
   _____                         _____             _____%         $ _____

**8. SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:**

[Retain lien 11 U.S.C. §1325(a)]   Value of Collateral:   Rate of Interest:   Monthly Plan Payment:
_____   _____   _____ %   $ _____
_____   _____   _____ %   $ _____
_____   _____   _____ %   $ _____

**9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:**

_____   Collateral: _____
_____   Collateral: _____

**10. SPECIAL CLASS UNSECURED CLAIMS:**

   Amount:   Rate of Interest:   Monthly Plan Payment:
_____   _____   _____ %   $ _____
_____   _____   _____ %   $ _____
_____   _____   _____ %   $ _____

**11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:**

_____    ( ) Not provided for    OR    ( ) General unsecured creditor
_____    ( ) Not provided for    OR    ( ) General unsecured creditor

**12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C.§522(f):**
_____
_____

**13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.**

**14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS:** _____.

**15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:**

   ( ) _____%, OR,

   (✓) THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.

**16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:**

_____    ( ) Assumes    OR    ( ) Rejects.
_____    ( ) Assumes    OR    ( ) Rejects.

**17. COMPLETION:** Plan shall be completed upon payment of the above, approximately  60  months.

**18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.**

**19. NON-STANDARD PROVISION(S):**
_____
_____
_____.

**ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.**

**20. CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.**


/s/Thomas C. Fila                                             DATE:  4/24/19                       .
**Debtor(s)' Attorney Signature or Pro Se Debtor(s)' Signature(s)**